UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-24627-RAR

**CODY GABRIEL**,

    Plaintiff,

v.

**JW MARRIOTT MIAMI
TURNBERRY RESORT & SPA**,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND RESTRICTING FILING PRIVILEGES

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Marty F. Elfenbein's Report and Recommendation, [ECF No. 6] ("Report"), entered on October 8, 2025. The Report recommends that the Court grant Plaintiff's Motion for Leave to Proceed *in forma pauperis*, [ECF No. 3]; dismiss without prejudice Plaintiff's *pro se* Complaint, [ECF No. 1]; and "designate Plaintiff a vexatious litigant and issue a limited injunction restricting Plaintiff from filing any further motion, pleading, or other paper in this action, or from filing another lawsuit without prior approval from the Court or unless such filings are signed by an attorney authorized to practice law before this Court." *See* Report at 15. Plaintiff filed objections to the Report on October 15, 2025. *See* [ECF No. 9] ("Objections").

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). Because Plaintiff timely filed objections to the Report, the Court has conducted a *de novo* review of Magistrate Judge Marty F. Elfenbein's legal and factual findings.

Plaintiff Cody Gabriel raises two objections to Magistrate Judge Elfenbein's findings. First, Plaintiff objects to Magistrate Judge Elfenbein's "dismissal with prejudice." Obj. at 1–4. But Plaintiff's objection is misplaced, given that Magistrate Judge Elfenbein recommends a dismissal *without* prejudice. *See* Report at 9–10. Specifically, the Report screens the Complaint as required by 28 U.S.C. § 1915(e) and finds that "the Complaint is the quintessential shotgun pleading" as it "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id*. at 9 (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015)). Magistrate Judge Elfenbein therefore followed the Eleventh Circuit's guidance to district courts that, "in the face of a shotgun complaint…the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001). The Court agrees with and adopts Magistrate Judge Elfenbein's recommendation, and Plaintiff's Complaint is dismissed *without* prejudice and with leave to file an amended complaint.

Second, Plaintiff objects to the "vexatious litigant" characterization, on the grounds that he seeks to enforce his statutory rights, and that his claims are supported by cognizable legal theories and factual allegations. Obj. at 4–5. However, as Magistrate Judge Elfenbein correctly notes, Plaintiff is a "prolific filer," having filed at least 17 cases in this district to date, many of which allege similar violations of the Fair Credit Reporting Act. *See* Report at 10–15 (detailing Plaintiff's extensive filing and litigation history, which includes a multitude of employment-related claims that have been dismissed). Indeed, this Court has already dismissed a case filed by Plaintiff for failure to state a claim. *See* Case No. 24-CV-21923-RAR, ECF No. 6. And other Courts in this district have explicitly warned Plaintiff that if he "continue[s] this pattern of vexatious filing…the Clerk of Court [will be directed] to refuse any further complaints from h[im]

unless accompanied by payment of a filing fee, a sworn oath indicating imminent danger of serious personal injury, or representation by an attorney admitted to the bar of this court." *See* Case No. 24-CV-22832-RKA, ECF No. 13 at 7 (quoting *Anglin v. Northpark at Scott Carver Apartments*, No. 24-CV-21098, 2024 WL 1229069, at *3 (S.D. Fla. Mar. 22, 2024)); *see also* Case No. 25-CV-23162-REID, ECF No. 9 at 11–12 ("Should Plaintiff continue his pattern of vexatious filing, the undersigned will direct the Clerk of Court to refuse any further complaints from him unless accompanied by payment of a filing fee, a sworn oath indicating imminent danger of serious personal injury, or representation by an attorney admitted to the bar of this Court.").

Despite these warnings, Plaintiff has continued to file baseless suits. *See* Report at 13–14. The Court therefore agrees with Magistrate Judge Elfenbein's recommendation and finds that Plaintiff's extensive history of filing meritless suits in this district warrants restriction of his filing privileges. Federal courts "have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). When a *pro se* litigant's repeated filing of frivolous lawsuits encroaches "on the judicial machinery needed by others," the *pro se* litigant may be "severely restricted as to what he may file and how he must behave in his applications for judicial relief." *Id*.

The Court retains "considerable discretion" in dealing with such litigants. *Id*. Indeed, the Eleventh Circuit has "upheld injunctions with pre-filing screening restrictions on vexatious litigants." *Watkins v. Dubreuil*, 820 F. App'x 940, 948 (11th Cir. 2020). For example, in *Martin-Trigona v. Shaw*, the Court recognized a filing restriction that prohibited a litigant "from filing or attempting to initiate any new lawsuit in any federal court in the United States…without first obtaining leave of that federal court." 986 F.2d 1384, 1387 (11th Cir. 1993). And in *Cofield v. Alabama Pub. Serv. Comm'n*, the Court upheld a similar sanction "order[ing] [Plaintiff]

to send all pleadings to a judge for prefiling approval," on the ground that this "prefiling screening of claims leaves sufficient access to the courts."   936 F.2d 512, 518 (11th Cir. 1991).

Based on Plaintiff's well-documented history of abusive litigation before this Court and others in this district, *see* Report at 10–15, the Court finds it necessary to restrict Plaintiff's filing privileges.   *See Watkins*, 820 F. App'x at 947 (finding that "the district judge, who had previously handled many of [the vexatious litigant's] cases, was in the best position to assess [the litigant's] activities and their effect on the Southern District of Florida's resources.")   Accordingly, Plaintiff shall be added to the list of restricted filers in the Southern District of Florida.   In doing so, however, the Court is mindful of Plaintiff's concerns regarding the enforcement of his statutory rights, *see* Obj. at 4, and notes that Plaintiff will not be "foreclosed from *any* access to the Court." *Procup*, 792 F.2d at 1073 (emphasis added); *see also Watkins*, 820 F. App'x at 948 (finding the district court's order enjoining plaintiff from filing any new lawsuits in the Southern District of Florida to be "a reasonable injunction that does not impermissibly foreclose [plaintiff's] access to federal court.").   Thus, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report, [ECF No. 6], is **AFFIRMED AND ADOPTED**.

2. Plaintiff's Motion for Leave to Proceed *in forma pauperis*, [ECF No. 3], is **GRANTED**.

3. The Clerk of Court is **ORDERED** to place Plaintiff Cody Gabriel on the list of restricted filers.   **The Clerk is DIRECTED not to accept any future filings from Plaintiff unless Plaintiff (1) pays the filing fee; (2) affirms under oath that he is in imminent threat of serious physical injury; (3) is represented by counsel; or (4) obtains leave of court to file**. *See Miller v. Donald*, 541 F.3d 1091, 1096–98 (11th Cir. 2008) (discussing appropriate restrictions that district courts may place on vexatious litigants).   To the extent Plaintiff files a case in another

district that is then transferred to this district, the Clerk is directed to notify the judge to whom the case is assigned, in this district, of this Order and Plaintiff's restricted-filer status.

4. Plaintiffs' Complaint, [ECF No. 1], is **DISMISSED** *without prejudice*.

5. Although Plaintiff is being placed on the list of restricted filers, he is given leave to file an amended complaint in this case, consistent with the purpose of Fed. R. Civ. P. 8. *See Edwards v. Fernandez-Rundell*, 512 F. App'x 996, 997 (11th Cir. 2013) (discussing how *pro se* litigants "are held to a less stringent standard…with respect to a *pro se* litigant's right to amend."); *see also Brogan v. United States*, No. 24-CV-22436-RAR, 2024 WL 3462649, at *2 n. 2 (S.D. Fla. June 26, 2024) ("[O]rdinarily this Court [] grant[s] a *pro se* litigant at least one opportunity to amend [the] complaint before dismissal.").

6. Should Plaintiff wish to file an amended complaint, he must do so in accordance with the following procedures:

   a. The amended complaint must be docketed on or before **November 10, 2025**, and it must contain a short and plain statement of a claim for relief, a basis for federal jurisdiction, and a demand for judgment. Plaintiff is reminded that the amended complaint should, at the very least, cure the deficiencies identified in this Order and in Magistrate Judge Elfenbein's Report, [ECF No. 6].

   b. The amended complaint must be labeled "Amended Complaint" and must show the case number referenced above so that it will be filed in this case.

   c. Plaintiff is warned that failure to file the amended complaint on time and in compliance with this Court's Orders shall result in dismissal of this case for failure to prosecute or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b).

7. The Clerk's Office is **INSTRUCTED** to **administratively CLOSE** this case. Plaintiff is warned that failure to file his amended complaint on time and in compliance with this Order shall result in this case remaining closed.

8. All pending motions, if any, are **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this 31st day of October, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**